**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ANDREW RESTREPPO**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 11-1422**

**AL-MONA, INC.**                                             **SECTION "H"(2)**

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Class Certification (Doc. 13) and Defendant's

Motion to Dismiss. (Doc. 15.) For the following reasons, Plaintiff's Motion for Class Certification

(Doc.13)  is **DENIED**, and Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**.

**BACKGROUND**

This case arises out of the use of an ATM located inside Discount Zone at 2727 Magazine

Street, New Orleans, Louisiana. Plaintiff claims that the ATM charged him a $1.99 fee for

conducting an electronic funds transfer involving the withdrawal of cash on March 3, 2011. Plaintiff

filed his complaint on June 16, 2011. (Doc. 1.)  Plaintiff then filed his Motion for Class Certification

on January 19, 2012. (Doc. 13.)  Defendant subsequently filed its Motion to Dismiss Plaintiff's Class

Certification Motion on January 24, 2012 (Doc. 15), claiming that Plaintiff's motion should be

dismissed for failure to conform to the filing deadline.

**LEGAL STANDARD**

Eastern District of Louisiana Local Civil Rule 23.1(B) provides that

within 91 days after filing of a complaint in a class action of filing of a notice of removal of the class action from state court, whichever is later, plaintiff must move for class certification under Federal Rules of Civil Procedure 23(c)(1), unless this period is extended upon motion for good cause and order by the court.

LR 23.1.

Federal Rules of Civil Procedure 23(c)(1)(a) provides that "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the motion as a class action." Fed. Rule Civ. P. 23.

**LAW & ANALYSIS**

Plaintiff filed his Complaint on June 16, 2011. Plaintiff did not move for class certification until January 19, 2012, long after the 91 days had lapsed since the filing of the Complaint. Plaintiff claims that the delay in filing the motion for class certification was due to Defendant's lack of response to Plaintiff's initial attempts at service, and as such, he can claim good cause for the failure of his motion to conform to the filing deadline.

To show good cause, the party seeking relief must "show that the deadline cannot be met despite that party's diligence." *S & W. Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). The Fifth Circuit has suggested that even plaintiffs with a potential deadline extension should still act prudently by filing a motion for class certification before the deadline passes, so as to preserve those rights. *Price v. United Guar. Residential Ins. Co.*, No. Civ.A.3:03-CV-2643-G, 2005 WL 265164, at *5 (N.D. Tex. Feb 2, 2005). Plaintiff offers no evidence in support of his position that the deadline could not be met by exercising all due diligence.

Although Plaintiff claims that his delay was a result of Defendant's lack of response to his initial attempts at service, this did not prevent him from filing a Motion for Class Certification prior to September 15, 2011 to preserve his rights, rather than missing the deadline and then arguing for an extension after the fact.

Plaintiff also claims that because his Motion for Leave of Court (Doc. 10) to file his Motion for Class Certification was granted, he was afforded an extended deadline. However, the Fifth Circuit has held that appeals for extension of a deadline for a Motion to Certify a Class that is not filed until after the initial scheduling deadline has already passed should be denied. *Buckley v. Donohue Industries, Inc.*, 100 Fed. Appx. 275, 278 (5th Cir. 2004). Moreover, courts of this district have denied late motions for class certifications that were filed after the 91 day deadline. *See Townsend v. Hibernia Nat'l Bank*, No. 93–1798, 1994 WL 24233, at *2 (E.D. La. January 20, 1994). Due to the fact that plaintiff did not appeal for an extension of the 91 day deadline until after it had already expired,  consistency with the holdings of courts in this circuit requires that his appeal be denied.

## CONCLUSION

Plaintiff did not file his motion for class certification within the 91 days after filing his complaint, and failed to offer any evidence of good cause that would justify an extension of that deadline. For the foregoing reasons,   **IT IS ORDERED** that Defendant's Motion (Doc. 15) is **GRANTED**, and Plaintiff's Motion for Class Certification (Doc. 13) is **DENIED**.

New Orleans, Louisiana, on this 25th day of May, 2012.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**